IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Michael Brandon Whetsell, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 2:24-cv-6522-BHH |
| v. | ) | |
| | ) | **ORDER** |
| Lieutenant Williams, | ) | |
| *Kitchen Supervisor,* | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court upon Plaintiff Michael Brandon Whetsell's ("Plaintiff"
or "Whetsell") *pro se* amended complaint seeking relief pursuant to 42 U.S.C. § 1983 based
on alleged violations of his First Amendment right to religious freedom.  (ECF No. 7.)  On
June 17, 2025, Defendant Lieutenant Williams ("Defendant" or "Williams") filed a motion
for summary judgment.  (ECF No. 30.)  In accordance with 28 U.S.C. § 636(b) and Local
Civil Rule 73.02(B)(2), D.S.C., the matter was referred to a United States Magistrate Judge
for preliminary determinations.

On January 6, 2026, Magistrate Judge Mary Gordon Baker issued a Report and
Recommendation ("Report"), outlining the issues and recommending that the Court deny
Defendant's motion for summary judgment.  (ECF No. 36.)  Attached to the Magistrate
Judge's Report was a notice advising the parties of the right to file written objections to the
Report within fourteen days of being served with a copy.  After being granted an extension
of time, Defendant filed objections on February 17, 2026, and this matter is ripe for review.
(ECF NO. 41.)

## BACKGROUND

Plaintiff, who is Jewish, was detained in the Dorchester County Detention Center ("DCDC") when he filed his original, verified complaint on November 15, 2024. (ECF No. 1.) Plaintiff filed an unverified, amended complaint on December 12, 2024. In his complaints, Plaintiff alleges that Defendant violated his First Amendment right to religious freedom by denying him a true kosher diet.[1] (ECF Nos. 1, 7 at 6.)

Plaintiff's original, verified complaint alleges the following, taken verbatim from his pleading:

> . . . I am Jewish and my religion is Judaism. I asked to be placed on a strict kosher diet, as it is my lifestyle, from the moment I arrived. It took a few days of complaining and speaking with the Captain before I was actually granted my request. However, my meals were not being met by kosher requirements. For breakfast, I received grits, eggs, peanut butter and 2 slices of white bread. For lunch I received 4 slices of white bread, a side of carrots and a side of black beans. For dinner I received the exact same thing. I verbally spoke to officers about my trays not being kosher and I made my first request on 9/15/24. I stated my issue of my meals are not to be made in house in a non-kosher kitchen and was told meals are provided by Trinity Services. My meals didn't improve. On 9/27/24 I made another request under religious issues and made it very clear the importance of a kosher diet. Their response was to request to be removed from diet if I decide. By now I am claiming my First Amendment right is being violated as well as my right as an inmate to a religious diet. On 10/14/24 they give me oatmeal with peas mixed in it for dinner. I refused the tray because one, only dry oats are kosher, not oatmeal, and two, because that is disgusting and unacceptable. I made another request on 10/14//24 about it and asked for Trinity Service[']s information and was denied. Up until that night I get the

---

[1] As the Magistrate Judge noted, a complaint is verified when it is "signed, sworn, and submitted under penalty of perjury." *Goodman v. Diggs*, 986 F.3d 493, 495 (4th Cir. 2021) (citation omitted). "[A] verified complaint is the equivalent of an opposing affidavit for summary judgment purposes, when the allegations therein are based on personal knowledge." *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991). Furthermore, as the Fourth Circuit held in *Goldman v. Diggs*, "an amended [unverified] complaint does not divest an earlier verified complaint of its evidentiary value as an affidavit at the summary judgment stage." 986 F.3d 493, 499 (2021). Thus, here, despite the fact that Plaintiff filed an unverified amended complaint, his original complaint, which is verified and based on personal knowledge, is entitled to evidentiary value and is the equivalent of an affidavit at the summary judgment stage. *See id.*

exact same meals every day.  4 slice[s] of bread with 2 sides of beans for lunch and dinner.  Also, I wasn't given a replacement meal on 10/14/24.  On 10/16/24 I put in a grievance and made it very clear the importance of kosher diet and Jewish dietary law.  The answer to the grievance was to be taken off the diet if I desire.  I've been in several county jails and I get the exact same thing everywhere but here.  I'm supposed to get a TV dinner style meal wrapped in plastic.  You can't use non kosher utensils in a non kosher kitchen and say that is a kosher meal.  A kitchen must have separate utensils. On October 14th, 27th, 30th, and November 4th they have tried to give me oatmeal with meat and noodles mixed in it for dinner.  I've refused the meals and continued to write request with no outcome.  I've asked to speak to the Lt. over kitchen directly and they won't let me.  That being said, I just didn't eat on the dates I've provided at dinner.  I have attached copies of all the request and grievances I have filed on this matter.  This has been going on for 2 months now and I feel this is my only option.  I have tried to handle this many times and they basically just tell me, "if I don't like it, get off it."  I would like to have my kosher diet request met and compensated for the disregard of the importance of Jewish law.  At this time, I am still on the kosher diet [they're] providing and have not requested to be taken off.

(ECF No. 1 at 3-5.)  In his amended complaint, Plaintiff repeats his assertion that the meals he is being served are not kosher, and he asserts that he has made seven attempts to raise the issue using the inmate grievance system.  (ECF No. 7 at 8.)  Attached to Plaintiff's initial and amended complaints are copies of his inmate grievance/request records.  (ECF Nos 1-2 and 7-1.)  Of note, in his grievances, Plaintiff contends that the food he is receiving is not being made in a kosher kitchen and is instead being made in-house.  (ECF Nos. 1-2 at 1-2, 4, 6 and 7-1 at 1, 3, 5.)

Defendant filed a motion for summary judgment on June 17, 2025, asserting that Plaintiff's request for a kosher diet was granted and arguing that: (1) Defendant is a not a "person" amendable to suit under 42 U.S.C. § 1983; (2) Plaintiff has not and cannot establish a claim for a violation of his constitutional rights; (3) Defendant is entitled to qualified immunity; and (4) Plaintiff's claim is subject to dismissal for failure to exhaust administrative remedies.  (ECF No. 30-1 at 2-10.)  Attached as exhibits to Defendant's

motion are: (1) inmate notes showing that Plaintiff was approved for kosher meals; (2) a list showing including Plaintiff as approved for a special diet; and (3) the affidavit of Richard Brown ("Brown"), the Director of DCDC.  (ECF Nos. 30-2; 30-3; and 30-4.)  In the affidavit, Brown attests to the following: (1) DCDC contracts with a third-party meal provider, Trinity Foods; (2) Defendant Williams is not responsible for the preparation of meals; (3) DCDC has a grievance policy; and (4) "[a]t no time did Plaintiff file any grievances in accordance with DCDC policy."  (ECF No. 30-4 at 1-2.)

## STANDARDS OF REVIEW

### I.     Summary Judgment

A court shall grant summary judgment if a party shows that there is no genuine dispute as to any material fact and the party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  The judge is not to weigh the evidence, but rather to determine if there is a genuine issue of fact.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party bears the burden of proof.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  All evidence should be viewed in the light most favorable to the non-moving party.  *See Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123 24 (4th Cir. 1990).

### II.    The Magistrate Judge's Report

The Magistrate Judge makes only a recommendation to the Court.  The recommendation has no presumptive weight, and the responsibility to make a final

determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

## **DISCUSSION**

### I.     **The Magistrate Judge's Findings**

In her Report, the Magistrate Judge considered each of Defendant's arguments in support of summary judgment. First, the Magistrate Judge agreed with Defendant that Plaintiff's claim against Defendant in her official capacity is subject to dismissal because Eleventh Amendment immunity protects her from being sued in her official capacity for monetary damages under § 1983. (ECF No. 36 at 7-8.) However, the Magistrate Judge explained that, in her individual capacity, Defendant is a "person" amenable to suit and the Eleventh Amendment does not bar Plaintiff's claim against her. (*Id.* at 8.)

Next, the Magistrate Judge set forth the applicable law governing Plaintiff's claim for violation of his First Amendment right to religious freedom. After considering Defendant's argument that Plaintiff failed to establish a constitutional violation, the Magistrate Judge found that, on the limited record before her, and viewing the evidence in the light most favorable to Plaintiff, summary judgment is not appropriate. (*Id.* at 11.) In so finding, the Magistrate Judge explained that Defendant's argument that Plaintiff "utterly failed to provide any evidence to support his claim" ignored the fact that Plaintiff's original, verified complaint, which is based on personal knowledge, is the equivalent of an affidavit opposing summary judgment. (*Id.* at 11-12, n. 5.) The Magistrate Judge also explained that Plaintiff

5

presented evidence in the form of his various inmate request/grievance records.  (*Id.* at 12.)

Further, the Magistrate Judge explained that, when viewing the evidence in the light most

favorable to Plaintiff, the record indicates that when Plaintiff complained that the meals he

was receiving were not kosher, he was simply told that he could request to be taken off the

kosher list.  The Magistrate Judge also noted that Defendant did not provide any evidence

to indicate what DCDC's kosher meal policy is.  For these reasons, the Magistrate Judge

found that summary judgment was not appropriate based on the limited record before her

and that Defendant likewise was not entitled to qualified immunity.  (*Id.* at 11-12.)

As to Defendant's argument that Plaintiff failed to exhaust his administrative

remedies, the Magistrate Judge specifically considered Brown's affidavit, wherein he attests

that Plaintiff did not file any grievances in accordance with DCDC policy, but the Magistrate

Judge found that Defendant failed to carry her burden of proving the absence of

exhaustion, where Defendant failed to even explain what DCDC's exhaustion policy is and

where Plaintiff offered evidence to show that he did file a grievance.  (*Id.* at 13.)  Thus, the

Magistrate Judge found that, construing the evidence in the light most favorable to Plaintiff,

Defendant was not entitled to summary judgment on the basis of exhaustion.

## II.     Defendant's Objections

In her objections to the Magistrate Judge's Report, Defendant first asserts that the

Magistrate Judge applied the wrong summary-judgment analysis to Plaintiff's claim by

treating Plaintiff's conclusory assertions as sufficient to create a substantial burden and by

faulting Defendant for failing to produce an institutional kosher meal policy.  (ECF No. 41

at 1.)  According to Defendant, Plaintiff was approved a kosher diet and was not denied

access to religious meals, and Defendant asserts that Plaintiff merely disputes the

preparation method of his meals but does not establish a substantial burden on the free exercise of his religion.  (*Id.* at 2-3.)  Defendant further asserts that Plaintiff was not forced to choose between practicing his religion and receiving nutrition, and that any alleged issues were temporary, isolated, attributable to meal preparation, and not based on intentional interference with religious freedom.  (*Id.* at 3-4.)  Defendant also objects to the Magistrate Judge's reliance on Plaintiff's conclusory evidence and contends that, even if a constitutional violation could be inferred, Defendant is entitled to qualified immunity "because no clearly established law would have put a reasonable official on notice that her conduct of approving Plaintiff for a kosher diet while meals were prepared by a third-party vendor violated Plaintiff's First Amendment rights."  (*Id.* at 4-5.)

As a second objection, Defendant asserts that the Magistrate Judge failed to consider the personal-involvement/causation requirement for § 1983 liability and improperly attributed a third-party food vendor's meal preparation to Defendant.  (*Id.* at 5-6.)  According to Defendant, meal preparation was handled by a third-party vendor, and thus Plaintiff has failed to create a triable issue of fact as to Defendant's personal involvement in the alleged denial of Plaintiff's rights.  (*Id.* at 6-7.)

In her third objection, Defendant asserts that the Magistrate Judge erred in finding that Plaintiff was forced to choose between abandoning his religious beliefs or following those beliefs and going hungry.  (*Id.* at 7.)  In essence, Defendant asserts that the Magistrate Judge misinterpreted the evidence, which shows only that "Plaintiff could elect not to receive the kosher tray if he did not want it, not that Defendant was coercing abandonment of religion or forcing starvation."  (*Id.*)  According to Defendant, "Plaintiff's complaint is that the meals provided by Trinity Services were not kosher *enough* by his own

7

particular standards and that he sometimes refused trays." (*Id.* (emphasis added).)

As a fourth objection, Defendant asserts that the Magistrate Judge erred in her qualified immunity analysis. (*Id.* at 8.) Specifically, Defendant asserts that the Magistrate Judge defined "clearly established law" too generally and overlooked the undisputed evidence of Defendant's reasonable conduct. (*Id.*) According to Defendant, the Magistrate Judge failed to account for the fact that "Defendant approved Plaintiff's diet request and Plaintiff's claimed deficiencies concern meal preparation/packaging and vendor menu issues, not a documented intentional refusal by Defendant to provide kosher meals." (*Id.* at 9.)

As a fifth and final objection, Defendant objects to the Magistrate Judge's recommendation that the Court deny summary judgment in favor of Defendant on the issue of exhaustion. (*Id.*) According to Defendant, the Magistrate Judge improperly treated Plaintiff's filing of one grievance form as proof of proper exhaustion and failed to properly consider the sworn affidavit of Brown, which stated that Plaintiff did not file any grievances in accordance with DCDC policy. (*Id.* at 10.)

## III.   This Court's Findings

After *de novo* review, the Court is not persuaded by Defendant's objections, and the Court fully agrees with the Magistrate Judge's analysis.

As an initial matter, the Court notes that no party objects to the Magistrate Judge's finding that Plaintiff's claim against Defendant in her official capacity should be dismissed because Eleventh Amendment immunity protects state officers acting in their official capacities from a suit for monetary damages under § 1983. The Court finds no error. The Court also agrees with the Magistrate Judge that, in her individual capacity, however,

Defendant is considered a "person" amenable to suit under § 1983.

Next, the Court considers the Magistrate Judge's findings as to the merits of Plaintiff's claim.  To establish a Free Exercise claim, a prisoner must show, as a threshold matter, that a prison practice or regulation violates his Free Exercise rights before showing that the prison's policies are not "reasonably related to legitimate penological interests." *Ali v. Dixon*, 912 F.2d 86, 89 (4th Cir. 1990) (citation omitted).  The Fourth Circuit has explained that this threshold showing is two-pronged: a prisoner must show, first, that he holds a sincere religious belief and, second, that a prison policy or practice has substantially burdened his religious practice.  *Greenhill v. Clarke*, 944 F.3d 243, 253 (4th Cir. 2019).  "A substantial burden either puts pressure on a person to change his religious beliefs or puts that person to a choice between abandoning his religion or following his beliefs and losing some government benefit."  *Firewalker-Fields v. Lee*, 58 F.4th 104 (4th Cir. 2023) (citing *Lovelace v. Lee*, 472 F.3d 174, 187 (4th Cir. 2006).  If that threshold showing is made, the prisoner must then show that the practice or regulation is not "reasonably related to legitimate penological interests."  *Turner v. Safley*, 482 U.S. 78, 89 (1987).

Here, there is no factual dispute as to Plaintiff's sincere religious beliefs, i.e., that he is Jewish and wishes to keep kosher.  Further, there is no factual dispute that Defendant approved Plaintiff's request for kosher meals.  Indeed, Plaintiff admits that Defendant approved his request.  (*See* ECF No. 1 at 3 (stating that he was "actually granted my request").  That being said, however, and contrary to Defendant's assertions otherwise, there *is* a factual dispute as to whether Defendant actually provided Plaintiff with kosher meals.  And the Court finds, at the very least, that there is a question of fact as to whether

9

Defendant substantially burdened Plaintiff's religious practice.

In her objections, Defendant characterizes the dispute as Plaintiff's mere disagreement with a preparation method and Plaintiff's belief that meals were "insufficiently kosher" according to his personal standards, but the Court is not convinced. First, Defendant's argument overlooks the fact that Plaintiff's verified complaint, which bears evidentiary weight at summary judgment, specifically alleges that the meals Defendant provided to him were not kosher. In other words, it is not a dispute as to whether, as Defendant contends, the meals provided were "kosher enough"; rather, it is a dispute as to whether the meals provided were kosher, period. And this distinction matters because none of the limited evidence offered by Defendant refutes Plaintiff's claim that Defendant failed to provide him with kosher meals.

For example, Defendant offers the inmate notes and the list of approved special diets, but these exhibits only show that Defendant *approved* a kosher diet for Plaintiff, not that Defendant actually *provided* a kosher diet for Plaintiff. (*See* ECF Nos. 2-3.) Likewise, although Brown states in his affidavit that Plaintiff was *approved* for kosher meals, Brown also states only that "DCDC has contracted with Trinity Foods who is a third-party meal provide[r] to detainees at DCDC." (ECF No. 30-4 at 1.) Importantly, nowhere in his affidavit does Brown aver that the meals that Trinity offered were kosher or that the detention center even maintained a policy regarding the provision of kosher meals to detainees. Nor does Defendant offer any evidence to show that efforts were made to research kosher dietary requirements or even to consult with the food service provider to ensure that the meals provided for Plaintiff were kosher. Indeed, Defendant does not offer *any* other evidence to refute Plaintiff's verified allegation that Defendant failed to provide

him with kosher meals as approved.  Accordingly, the Court fully agrees with the Magistrate

Judge that, when viewing the evidence in the light most favorable to Plaintiff as the Court

must do, Defendant has not established that it is entitled to summary judgment on Plaintiff's

claim.[2]

In addition, the Court is not persuaded by Defendant's assertion that Plaintiff was

not forced to choose between following religious beliefs and receiving nutrition.  Here again,

this comes down to Defendant's failure to offer sufficient evidence to refute Plaintiff's

verified allegations.  Although Defendant asserts that Plaintiff's evidence is conclusory, as

previously noted, Plaintiff's verified complaint is the equivalent of an affidavit at summary

judgment, and the evidence offered by Defendant simply does not refute the specific facts

that Plaintiff alleges in support of his claim, i.e., that Defendant did not provide him with

kosher meals as approved and that when alerted of this, Defendant simply told him he

could request to be taken off the kosher list.  As the Magistrate Judge explained, "the

record indicates that in response to Plaintiff's complaints on the issue, Defendant offered

Plaintiff the choice of abandoning his religious diet or following his beliefs and going

hungry."  (ECF No. 36 at 11.)

Thus, at the very least, the Court finds that there is a question of fact as to whether

Defendant substantially burdened Plaintiff's religious practice, and Defendant is not entitled

to summary judgment on Plaintiff's claim.  Further, because a genuine dispute of material

fact exists as to Plaintiff's claim, Defendant also has not established that she is entitled to

---

[2] This does not mean, on the other hand, that Plaintiff is entitled to summary judgment. Rather, this simply means that the evidence of record creates a genuine dispute of material fact that cannot be resolved on Defendant's motion for summary judgment.

summary judgment on the affirmative defense of qualified immunity at this time.

Finally, as to the question of exhaustion, the Court is again unpersuaded by Defendant's objections. According to Defendant, the Magistrate Judge erred by treating Plaintiff's filing of one grievance form as proof of proper exhaustion and by failing to properly consider the sworn affidavit of Brown. As the Magistrate Judge explained, however, failure to exhaust is an affirmative defense, and Defendant bears the burden of proving the absence of exhaustion. As the Magistrate Judge also explained, Brown's affidavit states only that DCDC has a grievance policy and that "[a]t no time did Plaintiff file any grievances in accordance with DCDC policy." (ECF No. 304- at 2.) Importantly, as the Magistrate Judge also noted, nowhere does Defendant explain or outline the requirements of the DCDC grievance procedure. As such, the Court is simply unable to discern whether Plaintiff failed to properly take each step within the administrative process. Furthermore, although Brown states that Plaintiff did not file any grievances in accordance with DCDC policy, Brown does not explain how the "grievance" submitted by Plaintiff on October 16, 2024, failed to comply with the DCDC policy. (ECF No. 1-2 at 4.) Here again, construing the limited evidence in the light most favorable to Plaintiff, the Court finds the two statements in Brown's affidavit wholly insufficient to meet Defendant's burden to prove the absence of exhaustion.

## **CONCLUSION**

**Based on the foregoing, the Court adopts the Magistrate Judge's Report (ECF No. 36) and denies Defendant's motion for summary judgment (ECF No. 30).**

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

March 12, 2026
Charleston, South Carolina